# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

WILLIAM S. COMPTON,

                    Plaintiff,

-vs-                                          Case No.  6:04-cv-1052-Orl-22DAB

LIFE INSURANCE COMPANY OF NORTH
AMERICA (a CIGNA Corporation);  PLAN
ADMINISTRATOR FOR BURUSA, INC.; and
EMPLOYEE BENEFIT COMMITTEE OF
BURUSA, INC.,  & ITS AFFILIATE BURMAH
CASTROL CARIBBEAN & CENTRAL
AMERICA, INC.,

                    Defendants.
_____

### ORDER

        This cause came on for consideration without oral argument on the following motions filed

herein:

| | |
|---|---|
| **MOTION:** | **MOTION TO STAY DISCOVERY (Doc. No. 31)** |
| **FILED:** | **May 13, 2005** |

**THEREON** it is **ORDERED** that the motion is **GRANTED** in part and **DENIED** in part.

| | |
|---|---|
| **MOTION:** | **MOTION FOR PROTECTIVE ORDER BARRING DISCOVERY OUTSIDE SCOPE OF REVIEW (Doc. No. 32)[1]** |
| **FILED:** | **May 13, 2005** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

This is an action alleging wrongful denial of long term disability benefits under an ERISA plan.  Defendant Life Insurance Company of North America (herein "the Insurer") seeks to bar discovery, limit the scope of this Court's review to the administrative record of the claim for benefits, and declare that the appropriate standard of review is the deferential "arbitrary and capricious" standard.  The Insurer has filed the administrative record, as well as documents it contends constitute the Plan for the benefits at issue (Doc. No. 33).  Plaintiff has countered with his Response (Doc. No. 35), and a supplemental filing, which consists of the responses to written discovery propounded by Plaintiff and served on the co-Defendant, his ex-employer, Burusa, Inc.  (Doc. No. 36).  For the reasons set forth herein, the motion to stay discovery is **granted, in part** and **denied, in part,** and the motion for protective order is **denied.**  Although the Court finds that a conflict of interest is present, it declines to declare the appropriate standard of review, as the extent of the conflict of interest is presently unclear and the issue is raised prematurely.  The Court also finds that limited additional discovery is appropriate, as set forth herein.

---

[1]Although Defendant Life Insurance Company entitled its motion "Motion for Protective Order barring Discovery Outside Scope of Review and Striking Plaintiff's Demand for Jury Trial," the Motion focused solely on the scope of review. As the Company presented no argument with respect to Plaintiff's demand for trial by jury, the Court will not address this issue.

**The Standard of Review**

In *Buckley v. Metropolitan Life*, the Eleventh Circuit set forth three standards of review that a court may apply in reviewing a plan administrator's claims decisions: "(1) de novo where the plan does not grant the administrator discretion; (2) arbitrary and capricious [where] the plan grants the administrator discretion; and (3) heightened arbitrary and capricious where there is a conflict of interests." 115 F.3d 936, 939 (11th Cir. 1997).  As explained by Judge Lazzara:

> When the plan documents explicitly grant the claims administrator the discretion to determine eligibility or construe the terms of the plan, the arbitrary and capricious standard is applied. *See HCA Health Serv. of Georgia, Inc. v. Employers Health Ins. Co.*, 240 F.3d 982, 992 (11th Cir. 2001) (citing *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989)). The Eleventh Circuit has modified this arbitrary and capricious standard in cases in which the claims administrator was acting under a conflict of interest. *See HCA Health Serv.*, 240 F.3d at 993 (citing *Florence Nightingale Nursing Serv. Inc. v. Blue Cross/Blue Shield*, 41 F.3d 1476, 1481 (11th Cir. 1995)). The modified standard is called the "heightened" arbitrary and capricious standard.  *See Levinson v. Reliance Standard Life Ins. Co.*, 245 F.3d 1321, 1325-26 (11th Cir. 2001); *Brown v. Blue Cross & Blue Shield of Ala., Inc.*, 898 F.2d 1556, 1563-64 (11th Cir. 1990) (noting that heightened standard "must be contextually tailored" to case).

> Once the court determines whether the plan documents grant discretion to the claims administrator to interpret the terms, then the court must apply at the very least the arbitrary and capricious standard and possibly the heightened arbitrary and capricious review. See *HCA Health Serv.*, 240 F.3d at 993. "Regardless of whether arbitrary and capricious or heightened arbitrary and capricious review applies, the court evaluates the claims administrator's interpretation of the plan to determine whether it is 'wrong'." See *id*.  An administrator's decision is deemed "wrong" when the court disagrees with the claims administrator's plan interpretation after a de novo review of the plan documents and disputed terms. See *id*. at n. 23. If the court disagrees with the decision and thus finds it "wrong," then the court next decides whether "the claimant has proposed a 'reasonable' interpretation of the plan." See *id*. at 994, quoting *Lee v. Blue Cross/Blue Shield*, 10 F.3d 1547, 1550 (11th Cir. 1994).

> Even if the claimant's proposed interpretation is reasonable, the court must still determine whether the claims administrator's "wrong" interpretation is reasonable. At this point, the court must gauge the self interest of the claims administrator. See *HCA Health Serv.,* 240 F.3d at 994. If there is no conflict of interest, then

-3-

the inquiry stops, and review is arbitrary and capricious. See *id.*  If a conflict does exist, then the heightened arbitrary and capricious review must be invoked. See *id.*

*Migliaro v. IBM Long-Term Disability Plan*,  231 F.Supp.2d 1167, 1177 (M.D. Fla. 2002).

**The Plan and the Discovery at Issue**

 Applied here, several difficulties are readily apparent.  Initially, the Court notes that the record does not seem to include a complete, executed copy of all of the Plan documents.  Although the Insurer noted in its motion that "Counsel for Burusa has or will file a copy of the Plan" (Doc. No. 32 at 4), to date, counsel for Burusa has apparently not done so.  Instead, the Insurer has filed what purports to be an insurance policy, along with unexecuted copies of various documents ("Consent in Lieu of Meeting of the Board of Directors of Burusa, Inc."; Plan Governance Amendments; Trust Governance Amendment) and other documents, including a few pages of what may be the Plan and a summary Plan description (Doc. No. 33, Exhibit A).  For its part, the Insurer asserts, via Affidavit of a senior operations representative, that these documents are "a true and accurate copy of the Plan Document at issue." (Doc. No. 33 at p. 4).  The fact that some of the documents are unexecuted and undated, however, coupled with Burusa's failure to tender a single, cohesive document representing the entirety of the relevant Plan, gives the Court pause.  The Court is reluctant to construe Plan language when it is uncertain that the record contains a complete, accurate copy of all relevant Plan documents.

The next difficulty in this case is that the Company seeks a determination regarding the standard of review *prior* to briefing the case on the merits.  Even if the Court were to find that the Plan documents appear to provide the Plan administrator with sufficient discretion to apply an arbitrary and capricious standard, the parties have not briefed the seminal issue of whether the

decision to deny benefits was "wrong," and the existence and degree of self-interest of the decision maker are not gauged until after that determination is made.  Thus, it is premature for the Court to declare the appropriate standard of review, save for finding that, according to the discovery responses of the co-Defendants, the Claim Administrator is the Insurer and, as the Insurer is also responsible for funding all benefits on approved claims, a conflict of interest is apparent.

**Scope of Discovery**

When reviewing an ERISA benefits denial under an arbitrary and capricious standard, "the function of the court is to determine whether there was a reasonable basis for the decision, based upon the facts as known to the administrator at the time the decision was made." *Jett v. Blue Cross and Blue Shield of Alabama,* 890 F. 2d 1137, 1139 (11th Cir. 1989) (internal citations omitted).  This standard applies even when a conflict of interest triggers the heightened standard of review.  *Lee v. Blue Cross/Blue Shield of Alabama,* 10 F. 3d 1547, 1550 (11th Cir. 1994) (looking "only to the facts known to the administrator at the time the decision was made" in a heightened arbitrary and capricious standard case); see also *Levinson v. Reliance Standard Life Ins. Co.*, 245 F.3d 1321, 1326 (11th Cir. 2001).  Thus, normally, a reviewing court is limited to the Administrative Record.

By contrast, Plaintiff relies on *Cerrito v. Liberty Life Assurance Company of Boston,* 209 F.R.D. 663 (M.D. Fla. 2002).  In *Cerrito,* Magistrate Judge Pizzo denied a defense motion for protective order, finding that courts have generally permitted discovery "in order to assist the court in evaluating 1) the exact nature of the information considered by the fiduciary in making the decision; 2) whether the fiduciary was competent to evaluate the information in the administrative record; 3) how the fiduciary reached its decision 4) whether, given the nature of the information in the record, it was incumbent upon the fiduciary to seek outside technical assistance in reaching a "fair

and full review" of the claim; and 5) to determine whether a conflict of interest existed." 209 F.R.D. at 664 (internal citations omitted).

Here, Plaintiff contends that discovery is necessary to determine the applicable standard of review, clarify the administrative record and to identify other information relevant to claims or defenses. Plaintiff notes that he is seeking, as part of his damages, not only the payment of long term disability benefits under the Plan, but also related employer paid benefits (such as continuation of his health insurance and pension plan) that are due and owing (allegedly) to recipients of long term disability benefits. Plaintiff seeks discovery pertaining to these additional benefits owed (if at all) from co-Defendant employer. Thus, Plaintiff is seeking to depose his doctor; the Vocational Rehabilitation counselor referenced in the administrative record; and the Burusa, Inc. corporate representative with the most knowledge of his claim and all benefits that would apply if he was determined to be disabled. Plaintiff has also propounded Interrogatories to the Insurer to clarify whether a conflict of interest is present (Doc. No. 35, at 36-46).

Based on the foregoing, the deposition of Plaintiff's physician is not appropriate as that testimony was clearly not before the Claims Administrator at the time of the decision. To the extent the Claims Administrator relied on the opinion of the vocational rehabilitation counselor, that information should be in the administrative record, and fuller discovery is not appropriate. The Court finds, however, that limited discovery pertaining to the parameters of the Plan itself and related benefits from the employer, as well as the Interrogatories regarding the extent of the conflict of interest of the Insurer, is appropriate.

With respect to the deposition of Burusa, Inc.'s corporate representative, such relates to Plaintiff's claim against his employer, who has not objected to this discovery (and, indeed, has

responded to other discovery requests, as evidence by the Interrogatories at Doc. No. 36).  The Court

sees no reason to stay discovery as to this claim, which is related to, but separate from, the claim for

long-term disability benefits.

With respect to the Interrogatories served on the Insurer, the discovery is necessary in order

to confirm co-Defendant's representations regarding the Insurer's administration of claims and

funding of benefits.  As noted in *Farley v. Arkansas Blue Cross & Blue Shield*, 147 F.3d 774, 776 n.

4 (8th Cir. 1998), a case cited by the *Cerrito* court, because a palpable conflict of interest will

normally be apparent on the face of the administrative record, discovery and supplementation of the

administrative record is rarely necessary to establish it.  Here, however, the Insurer has not addressed

this issue in its papers, and the Plan documents that are in the record are not clear with respect to how

benefits are funded.  Absent a concession by the Insurer regarding the existence of an apparent

conflict of interest, discovery is appropriate and, indeed, necessary in order to determine the standard

of review.  *Id.*  (noting that conducting limited discovery for the purpose of determining the

appropriate standard of review "does not run afoul of the general prohibition on admitting evidence

outside the administrative record.").

Therefore, the motion to stay discovery is **granted, in part** with respect to the depositions of

the physician and the vocational rehabilitation counselor, and **denied, in part,** with respect to the

deposition of the employer's corporate representative and the Interrogatories propounded to the

Insurer.  The motion for protective order, which is really a motion to declare the appropriate scope

of review, is **denied**, as premature.  The Court sees no reason why the limited discovery allowed

herein cannot be accomplished by the discovery deadline, and trusts that counsel will work together

in a spirit of cooperation to accomplish this.

-7-

**DONE** and **ORDERED** in Orlando, Florida on July 20, 2005.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record